IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BINYAMIN EL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV327 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| PETE RICKETTS, JOANIE | ) | **AND ORDER** |
| FRAHM, BYRON VAN PATTEN, | ) | |
| and LORI PRICE, | ) | |
| | ) | |
| Defendants. | ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Governor Pete Ricketts and three officials who apparently deal with child-support enforcement for the Nebraska Department of Health and Human Services. Plaintiff complains that he should not have had to pay child support for the past 15 years because he is "aboriginal and indigenous to this land," and "child support is used to steal the birthrights of these indigenous peoples." (Filing No. 1 at CM/ECF p. 4.) Plaintiff requests to be reimbursed for the past 15 years of child-support payments, plus interest, and to be relieved of future payment obligations. (*Id*.)

Attached to Plaintiff's Complaint is a letter from Defendant Byron Van Patten, Administrator for Child Support Enforcement of the Nebraska Department of Health and Human Services, stating that the Department received a child-support order from the Knox County District Court on July 9, 2003, and the Department intends to

enforce such order until paid in full or until the issuing court changes the child-support order. (Filing No. 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff's claim is subject to dismissal under the domestic-relations doctrine. It is well-settled that the "whole subject of the domestic relations of husband and wife,

parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). The United States Supreme Court has recognized a domestic relations exception "to the jurisdiction of the federal courts in light of long-held understandings and policy considerations." *Whiteside v. Nebraska State Health and Human Services*, No. 4:07CV3030, 2007 WL 2123754, *1 (D. Neb. July 19, 2007) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 694-95 (1992)). It is clear from the Complaint that granting Plaintiff the relief sought would require the court to entangle itself into issues of state child-support law, an area in which it does not have jurisdiction.

The *Rooker-Feldman* doctrine also precludes consideration of Plaintiff's claim. This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). The *Rooker-Feldman* doctrine also applies to state proceedings that are essentially judicial in nature. *Feldman*, 460 U.S. at 467. *See also Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). It appears that Nebraska state courts have entered orders regarding Plaintiff's child-support obligations. (Filing No. 1 at CM/ECF p. 6.) In order for Plaintiff to properly challenge these state-court orders, he must seek the appropriate state remedies.

Therefore, Plaintiff's Complaint will be dismissed without prejudice for lack of subject-matter jurisdiction because amendment of his Complaint would be futile. *Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013) (district court may deny leave to amend when amendment would be futile).

IT IS ORDERED that this case is dismissed without prejudice for lack of subject-matter jurisdiction, and judgment shall be entered by separate document.

DATED this 22nd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge